# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**97**

**KA 10-00076**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

DANIEL JONES, DEFENDANT-APPELLANT.

---

KEVIN J. BAUER, ALBANY, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Penny M. Wolfgang, J.), entered October 26, 2009. The appeal was held by this Court by order entered February 14, 2014, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (114 AD3d 1272). The proceedings were held and completed.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from that part of an order denying his pro se motion pursuant to CPL 440.10 and 440.30 (1-a) seeking DNA testing on a rape kit, underwear, an "excised piece of cloth taken from the victim's underwear," swabs, slides, "hair, clothing or shaking[s] from the victim's clothing," and a washcloth (*see generally* CPL 450.10 [5]). We previously held this case, reserved decision, and remitted the matter to Supreme Court to rule on that part of defendant's motion seeking DNA testing of those items other than the washcloth (*People v Jones*, 114 AD3d 1272). Upon remittal, the court denied the motion in its entirety, and we now affirm.

We conclude that the court properly denied defendant's motion without a hearing because CPL 440.30 (1-a) "does not provide for retesting of DNA material" (*People v Holman*, 63 AD3d 1088, 1088, *lv denied* 13 NY3d 860; *see People v Jones*, 307 AD2d 721, 722, *lv denied* 1 NY3d 574, *reconsideration denied* 1 NY3d 629). It is uncontested that the evidence defendant seeks to have tested was already subjected to DNA testing prior to trial.

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered: February 6, 2015                          Frances E. Cafarell
                                                   Clerk of the Court